UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Gary Dixon, | ) | Civil Action No.: 5:12-cv-03625-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's motion [ECF #33] and amended motion [ECF #38] for attorney fees under 42 U.S.C. § 406(b)(1). Plaintiff's counsel requests an attorney fee award of $37,751.00, which represents 25% of the past due benefits for Dixon and his dependents. Plaintiff's counsel previously received an attorney fee award under the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, in the amount of $2,650.88. Plaintiff's counsel agrees that any attorney fees awarded under § 406(b)(1) are subject to offset by a previous EAJA attorney fee award and the lesser of the two amounts must be refunded to the plaintiff.

Title 42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). In *Gisbrecht v. Barnhart*, the Supreme Court held that § 406(b) sets a statutory ceiling for attorney fees in social security cases of 25 percent of past-due benefits and calls for court review of contingency fee agreements to assure that the agreement yields reasonable results in particular cases. 535 U.S. 789, 807 (2002). Contingency fee agreements are

unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 807. When the contingency fee agreement and requested fee do not exceed 25 percent of the past-due benefits, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. Even where the requested fee does not exceed 25 percent of past-due benefits, "a reduction in the contingent fee may be appropriate when (1) the fee is out of line with the 'character of the representation and the results ...achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case'" (i.e., the "windfall" factor). *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (citing *Gisbrecht*, 535 U.S. at 808).

In considering whether plaintiff's counsel would receive a "windfall" from the contingency fee agreement, the Court is mindful of the fact that "contingency fees provide access to counsel for individuals who would otherwise have difficulty obtaining representation." *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 245 (4th Cir. 2010). As the district court noted in *Wilson v. Astrue*,

> there are occasions in the practice of representing claimants where a 25 percent contingent fee agreement is reached between the claimant and counsel, but no fee is awarded because of the result achieved in the case. Thus, adherence to the 25 percent contingent fee allowed by statute in a successful case such as this one recognizes the realities facing practitioners representing social security claimants and sustains those practitioners so as to allow them to continue to make their services available to other claimants.

622 F. Supp. 2d 132, 136-37 (D.Del. 2008); *see also Gisbrecht*, 535 U.S. at 804 (recognizing that "the marketplace for Social Security representation operates largely on a contingency fee basis").

Defendant does not dispute Plaintiff's counsel's entitlement to an attorney fee but argues

that the requested amount of $37,751.00 should be reduced to some extent. Defendant argues that the majority of work was done by paralegals (19.75 hours) and that Plaintiff's counsel and other attorneys at his firm spent only 8.75 hours working on Plaintiff's behalf. Defendant argues that an award of $37,751 in attorney fees would represent attorney compensation at an effective hourly rate of $4,314.40. Defendant further argues that even if this Court deems that paralegal work is compensable under § 406(b), based on the 28.5 hours of combined attorney and non-attorney time spent in the case, the resulting hourly rate of $1,324.59 would constitute an impermissible windfall if the Court were to award the requested $37,751 in attorney fees.

Defendant does not cite any authority in the Fourth Circuit regarding how paralegal work should be compensated under § 406(b). Plaintiff cites *Siraco v. Astrue* for the proposition that the issue is not whether paralegal time is compensable, or if so, what enhancements are proper, but rather whether the percentage contingent-fee agreement yields a reasonable fee amount in the particular case. 806 F. Supp. 2d 272, 278-79 (D.Me. 2011). When faced with a similar issue regarding how and to what extent paralegal time should be compensated under § 406(b), Judge Childs indicated agreement with *Siraco* and held that the issue "becomes whether the overall award is reasonable in light of the amount of work put forth by Plaintiff's counsel and the outcome of Plaintiff's case." *Graham-Willis v. Colvin*, Civil Action No.: 1:12-cv-02489-JMC, 2015 WL 4068597, at *3 (D.S.C. July 1, 2015). In the absence of any authority in the Fourth Circuit or this district to the contrary, this Court is inclined to agree with Judge Childs that the issue is not whether paralegal time is compensable, but whether the contingency fee agreement yields a reasonable fee amount.

Turning to Plaintiff's counsel's fee request, the Court notes that Plaintiff and Plaintiff's

3

counsel entered into a contingency fee agreement dated June 1, 2010, which provided that if Plaintiff or his family received any back benefits, then Plaintiff agreed to pay Plaintiff's counsel 25% of past-due benefits due to Plaintiff and his family. [ECF #33-1]. Plaintiff's counsel, who has been certified as a social security specialist by the South Carolina Supreme Court and North Carolina Supreme Court, obtained a successful result for Plaintiff and his family and obtained approximately $156,302.00 in past-due benefits. There is no indication that counsel caused any unusual delays in the case. After Plaintiff's counsel filed his 33 page brief in support of Plaintiff's appeal to the district court, Defendant filed a motion to remand the case for further administrative proceedings. Thus, the degree of representation in federal court was somewhat abbreviated. Further, the appeal to district court was not particularly complex or novel as the issues presented are fairly common appellate issues in social security cases. There is no doubt, however, that Plaintiff's counsel provided thorough and adequate representation of Plaintiff.

Considering the relatively small amount of time spent on the case and the lack of novel or complex issues, the Court finds that Plaintiff's requested fee of $37,751.00 should be reduced to avoid an impermissible windfall. The Court finds that Plaintiff's counsel's requested fee should be reduced to $28,500.00, which represents a generous effective hourly rate of $1,000.00. In light of counsel's specialized skill in social security disability cases and the result achieved in this case, an attorney fee award of $28,500.00 with an effective hourly rate of $1,000.00 is reasonable and does not amount to a windfall. The Court notes that other district courts within the Fourth Circuit have approved contingency fee agreements that produce similar hourly rate ranges in successful social security appeals. *See, e.g. Duvall v. Colvin*, Civil Action No. 5:11-577-RMG, 2013 WL 5506081, at *1 (D.S.C. Sept. 30, 2013) (finding contingency fee agreement that produced an effective hourly

rate of $972.00 to be reasonable); *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (approving contingency fee agreement with resulting hourly rate of $977.00); *Melvin v. Colvin*, No. 5:10-cv-160-FL, 2013 WL 3340490, at *3 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with resulting hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 22 829, 833 (S.D.W.Va. 2003) (approving contingency fee agreement with resulting hourly rate of $1,433.12).

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion [ECF #33] and amended motion [ECF #38] for attorney fees under 42 U.S.C. § 406(b)(1), as modified herein, in the amount of $28,500.00. Plaintiff's counsel must refund his EAJA fee award of $2,650.88 to the Plaintiff.[1]

**IT IS SO ORDERED**.

January 5, 2016                                     s/ R. Bryan Harwell
Florence, South Carolina                            R. Bryan Harwell
                                                    United States District Judge

---

[1] Plaintiff's counsel was previously awarded a lesser amount of fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [ECF# 30]. "Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted). Accordingly, Plaintiff's counsel is to refund to the Plaintiff the previously ordered EAJA fees immediately after he receives the payment of the § 406(b) fees.